**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION; SOUTH CAROLINA WILDLIFE FEDERATION; NORTH CAROLINA WILDLIFE FEDERATION; FLORIDA WILDLIFE FEDERATION; LOUISIANA WILDLIFE FEDERATION; ASSOCIATION OF NORTHWEST STEELHEADERS; CONSERVATION COUNCIL FOR HAWAI‘I,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE; DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior; NATIONAL MARINE FISHERIES SERVICE; HOWARD LUTNICK, in his official capacity as Secretary of the United States Department of Commerce,<br><br>Federal Defendants. | Civil Action No. 2:26-cv-02897-RMG |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Fed. R. Civ. P. 8(b), Federal Defendants U.S. Fish and Wildlife Service ("FWS"), Doug Burgum, Secretary of the U.S. Department of the Interior, National Marine Fisheries Service ("NMFS"), and Howard Lutnick, Secretary of the U.S. Department of Commerce, submit the following Answer in response to Plaintiffs' Complaint, ECF No. 1. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint. Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

The allegations of fact in the Complaint and any responses in this Answer are not relevant to judicial review, as this case is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See, e.g., Am. Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law.").

1. The allegations in this paragraph characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents.

2. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize the regulations implementing the ESA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the third sentence of this paragraph.

3. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

4. The allegations in this paragraph characterize a rule published in the Federal Register, which speaks for itself and is the best evidence of its contents.

5. Federal Defendants deny the allegations in this paragraph.

6. Federal Defendants deny the allegations in this paragraph.

7. Federal Defendants deny the allegations in this paragraph.

8. The allegations in this paragraph contain Plaintiffs' characterization of the case to which no response is required.

9. The allegations in this paragraph are legal conclusions to which no response is required.

10. The allegations in the first and second sentences of this paragraph are legal conclusions to which no response is required. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph.

11. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. The allegations in this paragraph also characterize the ESA, which speaks for itself and is the best evidence of its contents.

12. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

14. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

15. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

16. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and fifth sentences of this paragraph. Regarding the allegations in the third and fourth sentences of this paragraph, Federal Defendants admit that FWS listed the Louisiana black bear in 1992 and delisted it in 2016. The remaining allegations in the third and fourth sentences of this paragraph characterize the listing and delisting rules, which speak for themselves and are the best evidence of their contents, or discuss nonfederal recovery actions, of which Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of those allegations.

17. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

18. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph. In response to the allegations in the footnote at the end of this paragraph, Federal Defendants deny that Florida Wildlife Federation submitted a comment on the proposed rule to rescind the regulatory definitions of "harm" under the ESA and admit the allegations with respect to the remaining Plaintiff organizations.

19. Federal Defendants deny the allegations in the first, third, and sixth sentences of paragraph 19. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

20. Federal Defendants deny the allegations in the fourth and eighth sentences of this paragraph. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

21. Federal Defendants deny the allegations in the first sentence of this paragraph. Regarding the second sentence of this paragraph, Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding what Plaintiffs would have done during a public process under NEPA and deny the remaining allegations in this sentence.

22. Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

23. Federal Defendants deny the allegations in the first, forth, and fifth sentences of this paragraph. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. Federal Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the third sentence of this paragraph.

24. Federal Defendants admit that FWS is an agency within the Department of the Interior, and that FWS has responsibility, as delegated by the Secretary of the Interior, for

administering the ESA with regard to certain threatened and endangered terrestrial and freshwater species. Federal Defendants deny the remaining allegations in this paragraph.

25. The allegations in the first sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required. In response to the second sentence of this paragraph, Federal Defendants admit that the Secretary of the Interior is responsible for administering the ESA with regard to certain threatened and endangered terrestrial and freshwater plant and animal species and deny the remaining allegations.

26. Federal Defendants admit that NMFS is an agency within the Department of Commerce, and that NMFS has responsibility, as delegated by the Secretary of Commerce, for administering the ESA with regard to certain threatened and endangered marine and anadromous fish species. Federal Defendants deny the remaining allegations in this paragraph.

27. The allegations in the first sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required. In response to the second sentence of this paragraph, Federal Defendants admit that the Secretary of Commerce is responsible for administering the ESA with regard to certain threatened and endangered marine and anadromous fish species and deny the remaining allegations.

28. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize a Fourth Circuit decision, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

29. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

30. The allegations in this paragraph characterize a Supreme Court decision, which

speaks for itself and is the best evidence of its contents.

31. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

32. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

33. The allegations in the first sentence of this paragraph characterize a Fourth Circuit decision, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

34. The allegations in this paragraph characterize a Senate report, which speaks for itself and is the best evidence of its contents.

35. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

36. The allegations in this paragraph characterize a House report, which speaks for itself and is the best evidence of its contents.

37. The allegations in the first sentence of this paragraph, and the citations following that sentence, characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents.

38. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citations following that sentence, characterize a consultation handbook and the regulations implementing the ESA,

which speak for themselves and are the best evidence of their contents.

39. The allegations in this paragraph are vague and ambiguous, in that they do not identify which "listed wildlife" have been protected from habitat destruction and degradation, or what they mean by "vast majority," and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

40. The allegations in this paragraph are legal conclusions to which no response is required. The allegations in the footnote of the heading immediately preceding this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

41. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

42. The allegations in the first sentence of this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph characterize a former version of the Code of Federal Regulations, which speaks for itself and is the best evidence of its contents.

43. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

44. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

45. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

46. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

47. The allegations in this paragraph characterize a rulemaking published in the Federal

Register, which speaks for itself and is the best evidence of its contents.

48. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

49. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

50. The allegations in the first sentence of this paragraph characterize a Senate report and the ESA, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents.

51. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize a House report, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of this paragraph, and the citation following that sentence, characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents. The allegations in the fourth sentence of this paragraph, and the citation following that sentence, characterize the regulations implementing the ESA, which speak for themselves and are the best evidence of their contents.

52. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize a Senate report, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation following that sentence, characterize Congressional reports, which speak for themselves and are the best evidence of their contents.

53. The allegations in this paragraph characterize a Supreme Court decision, which

speaks for itself and is the best evidence of its contents.

54. The allegations in this paragraph characterize Supreme Court decisions, which speak for themselves and are the best evidence of their contents.

55. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

56. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

57. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

58. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

59. The allegations in this paragraph characterize Supreme Court decisions, which speak for themselves and are the best evidence of their contents.

60. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

61. The allegations in this paragraph characterize former ESA regulations, which speak for themselves and are the best evidence of their contents.

62. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

63. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

64. The allegations in the first sentence of this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. The allegations in the second sentence of this paragraph, and the citation following the sentence, characterize a Federal Register

notice and a Supreme Court decision, which speak for themselves and are the best evidence of their contents. The allegations in the third and fourth sentences of this paragraph, and the citations following those sentences, characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence of this paragraph also contain legal conclusions, to which no response is required.

65. The allegations in this paragraph characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents.

66. Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph characterize public comments on the rule, which speak for themselves and are the best evidence of their contents.

67. The allegations in this paragraph characterize a rulemaking published in the Federal Register and a Federal Register notice, which speak for themselves and are the best evidence of their contents.

68. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents.

69. The allegations in this paragraph characterize a rulemaking published in the Federal Register, which speaks for itself and is the best evidence of its contents. The allegations in this paragraph also contain legal conclusions to which no response is required.

70. The allegations in the first sentence of this paragraph, and the citation following that sentence, characterize a Fourth Circuit decision, which speaks for itself and is the best evidence of its contents. The allegations in the second, third, and fourth sentences of this paragraph, and the citations following those sentences, characterize the National Environmental Policy Act (“NEPA”), which speaks for itself and is the best evidence of its contents.

71. The allegations in the first sentence of this paragraph, and the citation following that

sentence, characterize NEPA and a Department of the Interior NEPA regulation, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence of this paragraph, and the citations following that sentence, characterize NEPA, which speaks for itself and is the best evidence of its contents.

72. The allegations in the first sentence of this paragraph are vague and ambiguous, in that they do not identify the hundreds of endangered and threatened species to which they refer or identify environmental benefits that they allege flowed "far beyond listed species," and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the second sentence of this paragraph are legal conclusions to which no response is required. Federal Defendants deny the allegations in the third sentence of this paragraph.

73. The allegations in this paragraph characterize a rulemaking published in the Federal Register, the Code of Federal Regulations, and a NEPA compliance document, which speak for themselves and are the best evidence of their contents. The allegations in this paragraph also contain legal conclusions to which no response is required.

74. Federal Defendants deny the allegations in this paragraph.

75. The allegations in the first sentence of this paragraph are legal conclusions to which no response is required. The allegations in the second sentence of this paragraph are vague and ambiguous, in that they do not identify the numerous species to which they refer or explain how they allege the implementation of Sections 7, 9, and 10 will be altered, and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the allegations in the third sentence of this paragraph.

76. Federal Defendants deny the allegations in the first sentence of this paragraph. The

allegations in the second and third sentences of this paragraph, and the citations following those sentences, characterize the Code of Federal Regulations and a NEPA compliance document, which speak for themselves and are the best evidence of their contents. The allegations in the second sentence also contain legal conclusions to which no response is required.

77. Federal Defendants deny the allegations in this paragraph.

78. Federal Defendants deny the allegations in this paragraph.

79. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

80. The allegations in this paragraph characterize the Administrative Procedure Act, which speaks for itself and is the best evidence of its contents.

81. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

82. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

83. The allegations in this paragraph characterize a Supreme Court decision and a decision of the Fourth Circuit, which speak for themselves and are the best evidence of their contents.

84. The allegations in this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents.

85. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

86. The allegations in this paragraph characterize the rulemaking to rescind the regulatory definitions of "harm" under the ESA, which speaks for itself and is the best evidence of its contents.

87. Federal Defendants deny the allegations in this paragraph.

88. Federal Defendants deny the allegations in this paragraph.

89. Federal Defendants deny the allegations in this paragraph.

90. Federal Defendants deny the allegations in this paragraph.

91. Federal Defendants deny the allegations in this paragraph.

92. The allegations in this paragraph characterize the ESA, which speaks for itself and is the best evidence of its contents.

93. Federal Defendants deny the allegations in this paragraph.

94. Federal Defendants deny the allegations in this paragraph.

95. Federal Defendants deny the allegations in this paragraph.

96. Federal Defendants deny the allegations in this paragraph.

97. Federal Defendants deny the allegations in this paragraph.

98. Federal Defendants restate and incorporate by reference their responses to all preceding paragraphs.

99. Federal Defendants deny the allegations in this paragraph.

100. Federal Defendants deny the allegations in this paragraph.

101. Federal Defendants deny the allegations in this paragraph.

102. Federal Defendants deny the allegations in the first sentence of this paragraph. The allegations in the first part of the second sentence of this paragraph characterize a Supreme Court decision, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the remaining allegations in the second sentence of this paragraph.

103. Federal Defendants deny the allegations in this paragraph.

104. Federal Defendants deny the allegations in this paragraph.

The remainder of Plaintiffs' Complaint constitutes Plaintiffs' request for relief, to which no

response is required. To the extent a response may be required, Federal Defendants deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, whether express or implied, not specifically admitted, denied, or qualified herein.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 21st day of September, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
MICHAEL R. EITEL, Assistant Section Chief

*/s/ Michelle M. Spatz*
MICHELLE M. SPATZ, Senior Trial Attorney
SARA M. WARREN, Trial Attorney
United States Department of Justice
Energy and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
202-598-9741(Spatz); 202-598-5785 (Warren)
michelle.spatz@usdoj.gov; sara.warren@usdoj.gov

*Attorneys for Federal Defendants*